1  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
2  1423 Broadway #1133
   Oakland, CA  94612
3  Telephone:  510/832-5001
   Facsimile:   510/832-4787
4  info@reincleftonlaw.com

5  Attorneys for Plaintiff
   AMY LIU
6

7                UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9

| 10  AMY LIU | CASE NO. |
| --- | --- |
| 11          Plaintiff, | Civil Rights |
| 12 | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:** |
| 13  v. | |
| 14 | **1.  Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)** |
| 15  ATLAS COFFEE & SANDWICHES INC. | **2.  Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)** |
| 16 | |
| 17          Defendant. | **3.  Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)** |
| 18 | DEMAND FOR JURY TRIAL |

19       Plaintiff AMY LIU complains of Defendant ATLAS COFFEE & SANDWICHES INC.,

20  and alleges as follows:

21       1.       **INTRODUCTION:**  On August 20, 2024, Plaintiff, a blind individual who uses a

22  service guide dog, and her friend, attempted to go out for lunch at Atlas Coffee & Sandwiches

23  located at 1075 B Street, Hayward, California, a spot near to Plaintiff's home that she was

24  interested in trying for the first time. During that visit, Defendant denied Plaintiff Amy Liu equal

25  access to Atlas Coffee & Sandwiches because she is a disabled individual who uses a service dog

26  to assist her with tasks related to her blindness, including traveling and navigation.  Further,

27  Defendant's employee who identified himself as the owner, treated Plaintiff with disrespect due

28

                                1

to the presence of her service dog, offering qualitatively different services to her than they give to other non-disabled patrons, including not allowing Plaintiff to sit inside the restaurant, and requiring that she either sit outside or leave.

2.     When Plaintiff, her service dog, and her companion arrived at Atlas Coffee & Sandwiches they were approached by a man, and they requested he seat them inside the restaurant. Defendant's representative told Plaintiff and her friend that they would have to sit outside.  Plaintiff's friend asked the man if he was the owner of the establishment, and he replied that he was the owner.  Plaintiff then reiterated that they would like to sit inside the restaurant. Defendant then explained to Plaintiff that since she had a dog with her, her group would have to sit outside. Plaintiff then explained that her dog Luna is a guide dog, and therefore allowed to accompany her anywhere in the restaurant that the public is allowed to go.  Defendant reiterated that dogs, *even service dogs*, were only allowed to sit outside.  This effectively communicated that blind people, and Plaintiff as a blind person, are not allowed to sit inside to eat unless they do not use service dogs, meaning only blind people who are dependent on sighted people were welcome inside. Defendant did not want independent blind people like Plaintiff, who uses a service dog to be independent, dining inside their restaurant.

3.     Plaintiff tried in vain to convince Defendant that she should be allowed to sit inside the restaurant with her service dog, but ultimately it became clear that Defendant was not going to allow them to sit inside.  Plaintiff and her friend were not interested in being relegated to sitting outside, so they went to another restaurant in downtown Hayward to enjoy their lunch.

4.     The Defendant's decision to only allow service dogs to sit outside at their restaurant is patently discriminatory and did not afford equal access and enjoyment of its services. It also contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

person with the disability the opportunity to obtain goods or services without the animal's presence.

- Establishments that sell or prepare food must generally allow service animals in public areas even if state or local health codes prohibit animals on the premises.

- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

5.      Plaintiff lives very close to downtown Hayward, California, and she enjoys walking downtown from her home to try different restaurants. Plaintiff intends to return to Atlas Coffee & Sandwiches in the future but cannot do so until the policies of the restaurant are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training. She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate her for harassing her and refusing her to equal access to service at the restaurant because she is a disabled person who needs the assistance of her qualified guide dog/service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at Atlas Coffee & Sandwiches.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

7.      **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is proper because the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

8.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict because the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9.      **PARTIES:**  Plaintiff Amy Liu is a "qualified" disabled person who uses the assistance of a guide dog to help her navigate the world.  Plaintiff suffered from eye cancer as a young child which left her completely blind. Plaintiff relies on her guide dog/service dog, a black lab named "Luna" to assist and guide her when she is navigating down a sidewalk or street.  Luna is trained to guide Plaintiff around any objects that are in her path of travel and lead Plaintiff in a straight line, particularly when crossing street. Luna wears a harness with a rigid handle that allows her to lead Plaintiff forward, backward, right or left as necessary.

10.     Luna was professionally trained by the Guide Dog Foundation in Smithtown, New York.  When Luna had finished her initial training, Plaintiff traveled to New York so that they train together with the assistance of the trainers before Luna went home to California with Plaintiff. Plaintiff and Luna have been working together for almost six years.  Plaintiff and Luna reinforce their training together daily.  Plaintiff is a qualified person with a disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

11.     Defendant ATLAS COFFEE & SANDWICHES INC., is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business located at 1075 B Street, Hayward, California, known as Atlas Coffee & Sandwiches.

12.      Atlas Coffee & Sandwiches is a place of "public accommodation" and a "business establishment" subject to the requirements *among other things* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

13.     **FACTUAL STATEMENT:**  Plaintiff Amy Liu has been working with her service dog Luna for almost six years.  Luna is a seven-year-old black lab who was trained to be a guide dog since birth. Luna was both professionally trained by Guide Dog Foundation and she and Plaintiff also trained together with trainers from the Guide Dog Foundation.  Plaintiff has also continued to train Luna to serve her specific needs throughout their relationship.  Luna is specifically trained to assist Plaintiff with certain tasks including guiding Plaintiff around any objects that are in her path of travel and leading Plaintiff in a straight line, particularly when

4

crossing street.

14.     Luna is a working service dog; she is not a pet.  Plaintiff and Luna have trained extensively together, and they supplement that training daily.  Plaintiff takes Luna everywhere with her in public.  It is important they stay together as much as possible because (a) Luna provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  Where Plaintiff goes, Luna goes.

15.     In mid-August, Plaintiff invited her friend to go out to lunch with her on August 20, 2024.  On the agreed upon day, Plaintiff's friend came to Plaintiff's home in Hayward, California so that they could walk to downtown Hayward for lunch.  Plaintiff mentioned that she had recently found out about a Vietnamese coffee shop which served lunch that she wanted to try.  Plaintiff told her friend that it was only about a fifteen-minute walk from her house, and Plaintiff's friend agreed that they should go there for lunch.

16.     On August 20, 2024, Plaintiff, Luna, and Plaintiff's friend walked from Plaintiff's home in Hayward to Atlas Coffee & Sandwiches to enjoy lunch together.  The group arrived around 11 am, and the restaurant was nearly empty upon their arrival. They were approached by a man, who later identified himself as the owner, and they requested that he seat them inside the restaurant. Defendant's representative told Plaintiff and her friend that they would have to sit outside.  Plaintiff's friend asked the man if he was the owner of the establishment, and he replied that he was the owner.  Plaintiff then reiterated that they would like to sit inside the restaurant. Defendant then explained to Plaintiff that since she had a dog with her, her group would have to sit outside. Plaintiff then explained that her dog Luna is a guide and service dog and therefore allowed to accompany her anywhere in the restaurant that the public is allowed to go.  Defendant said "oh, I know, but we only allow dogs to sit outside."  Plaintiff again reiterated that Luna is her service dog and is allowed to be inside the restaurant with her.  However, Defendant countered that dogs, even service dogs, were only allowed outside at Atlas Coffee & Sandwiches.

17.     Plaintiff tried in vain to convince Defendant that she should be allowed to sit inside the restaurant with her service dog, but ultimately it became clear that Defendant was not going to allow them to sit inside.  Plaintiff did not want to be relegated to the outside space in

5

1  violation of her rights, and Plaintiff's friend was also not interested in sitting outside for lunch
2  because there were some unhoused persons nearby outside, so they went to another restaurant in
3  downtown Hayward to enjoy their lunch.

4          18.     Plaintiff left the restaurant feeling humiliated, emotionally exhausted, and
5  depressed at not being allowed access to the restaurant with her service dog.

6          19.     Plaintiff has a desire to return to Atlas Coffee & Sandwiches to enjoy the food.
7  However, Plaintiff does not want to go back to the restaurant because her previous experiences
8  have made it clear that Defendant does not maintain a service animal policy that complies with
9  state and federal access laws.  It is also clear that Defendant's employees have not received
10  training about how to interact with disabled patrons rely on service dogs for assistance.

11          20.     Plaintiff wishes to return to Atlas Coffee & Sandwiches, but only *after* Defendant
12  has implemented proper service animal policies and training of its staff.  Plaintiff is deterred from
13  returning to the restaurant until these policies and training are in place.

14

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 U.S.C. §§ 12101 *et seq.*)**

15

16          21.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the
17  factual allegations contained in Paragraphs 1 through 20, above, and incorporates them here by
18  reference as if separately repled hereafter.

19          22.     In 1990 Congress passed the Americans with Disabilities Act after finding that
20  laws were needed to more fully protect "some 43 million Americans with one or more physical or
21  mental disabilities; that historically society has tended to isolate and segregate individuals with
22  disabilities;" that "such forms of discrimination against individuals with disabilities continue to
23  be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals
24  with disabilities are to assure equality of opportunity, full participation, independent living and
25  economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and
26  unnecessary discrimination and prejudice denies people with disabilities the opportunity to
27  compete on an equal basis and to pursue those opportunities for which our free society is
28  justifiably famous."  42 U.S.C. § 12101(a).

6

23.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

24.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

25.      Atlas Coffee & Sandwiches is a public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(B).

26.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

27.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

28.     Defendant has a policy and practice of denying access to patrons of Atlas Coffee & Sandwiches with service animals. The Defendant's decision to only allow service dogs to sit outside at its restaurant contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a

7

legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

- Establishments that sell or prepare food must generally allow service animals in public areas even if state or local health codes prohibit animals on the premises.

- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

29.     On information and belief, as of the date of Plaintiff's most recent visit to Atlas Coffee & Sandwiches on or about August 20, 2024, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

30.     In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

31.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject property and

8

facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant." 42 U.S.C. § 12181(7)(B).

32.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

33.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

34.     Defendant's actions continue to deny Plaintiff's right to full and equal access by deterring Plaintiff from patronizing Atlas Coffee & Sandwiches and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

35.     Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Under section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

36.     Plaintiff seeks relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to Atlas Coffee & Sandwiches, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as stated below.

### SECOND CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF
### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION
### (Civil Code §§ 54 *et seq.*)

37.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

factual allegations contained in Paragraphs 1 through 36 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

38.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

39.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited.  Civil Code § 54.1(c) also specifies that "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

40.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

41.     Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2."  This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

42.     Atlas Coffee & Sandwiches is a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

43.     Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its place of business with her service dog.  As a result of that decision Plaintiff has faced the

11

continuing discrimination of being barred from entering this public accommodation and place of business based on Defendant's illegal prohibition of her legally protected use of her service dog. Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should she seek to return to these facilities.  Plaintiff cannot return to Atlas Coffee & Sandwiches until she receives the protection of this Court's injunctive relief, and she has continued to suffer discrimination daily since August 20, 2024, all to is statutory damages under California Civil Code §§ 54.1, 54.2, and 54.3.

44.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of here which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, who require the assistance of service animals, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the assistance of a guide dog/service animal.

45.     Plaintiff wishes to return to patronize Atlas Coffee & Sandwiches but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use these public facilities.  Therefore, Plaintiff cannot return to patronize Atlas Coffee & Sandwiches and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

46.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to Defendant's inaccessible policies.   As to Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled

1   persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

2   47.   Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

3   continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained

4   of and to require Defendant to comply immediately with the applicable statutory requirements

5   relating to access for disabled persons.  Such injunctive relief is provided by California Civil

6   Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award

7   damages under Civil Code section 54.3 and other law and attorney fees, litigation expenses, and

8   costs under Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other

9   law, all as prayed below for.

10   48.   **DAMAGES:**  Because of the denial of full and equal access to the described

11   facilities and due to the acts and omissions of Defendant in owning, operating, leasing,

12   constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of

13   her civil rights, including, but not limited to, rights under Civil Code sections 54 and 54.1, and

14   has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional

15   personal injuries, all to her damages per Civil Code section 54.3, including general and statutory

16   damages, as stated below.  Defendant's actions and omissions to act constitute discrimination

17   against Plaintiff because she was and is disabled and unable, because of the policy barriers

18   created and/or maintained by Defendant in violation of the subject laws, to use the public

19   facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from

20   returning to attempt to patronize Atlas Coffee & Sandwiches and will continue to cause her

21   damages each day these barriers to access and policy barriers are still present.

22   49.   Although Plaintiff need not prove wrongful intent to show a violation of California

23   Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal.

24   App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was

25   made aware of its duties to refrain from establishing discriminatory policies against disabled

26   persons, before this complaint was filed.  Defendant's establishment of its discriminatory policy

27   to deny and restrict entry to persons with service dogs, and its implementation of such a

28

discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

50.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, under Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

51.     Plaintiff suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on her deterrence from returning to Atlas Coffee & Sandwiches.

WHEREFORE, Plaintiff prays for relief as stated below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
### BY CIVIL CODE SECTION 51(f)

52.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 51 of this Complaint and incorporates them herein as if separately re-pleaded.

53.     At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

54.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

14

55.     Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

56.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief under California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

57.     The actions and omissions of Defendant as alleged here constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs under California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory and compensatory damages to Plaintiff, according to proof.

58.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs under California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

59.     Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as stated below.

**<u>PRAYER</u>**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions on Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Amy Liu prays for judgment and the following specific relief against Defendant:

1.     An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter and use the services of Atlas Coffee & Sandwiches;

    c.   That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction under ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's

1            employees and agents in how to recognize disabled persons and accommodate

2            their rights and needs;

3       d. An order retaining jurisdiction of this case until Defendant has fully complied with

4            the orders of this Court, and there is a reasonable assurance that Defendant will

5            continue to comply in the future absent continuing jurisdiction;

6    2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in

7 amounts within the jurisdiction of the Court, all according to proof;

8    3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

9 Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise

10 permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

11    4. An award of prejudgment interest under Civil Code § 3291;

12    5. Interest on monetary awards as permitted by law; and

13    6. Grant any other relief that this Court may deem just and proper.

15 Date: September 11, 2024          REIN & CLEFTON

17         _/s/ Aaron M. Clefton_
By AARON M. CLEFTON, Esq.

18 Attorneys for Plaintiff
AMY LIU

20 **JURY DEMAND**

21 Plaintiff demands a trial by jury for all claims for which a jury is permitted.

22 Date: September 11, 2024          REIN & CLEFTON

24         _/s/ Aaron M. Clefton_
By AARON M. CLEFTON, Esq.

25 Attorneys for Plaintiff
AMY LIU

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES